(Superior Court of Cincinnati—*General Term*.)

BEN. WREDE *v.* FRED. STEINKAMP.

---

1. Where testimony as to a conversation between plaintiff and defendant is introduced by the plaintiff for the purpose of proving an admission by the defendant, the latter party is not for that reason entitled to introduce evidence of his own subsequent declarations, unless such declarations are part of the same conversation.
2. The law of *res gestœ* is not applicable to such a case. Such law permits only those declarations which illustrate and characterize an act. A statement is not an act within the meaning of the law of *res gestœ*.

(Decided January, 1895.)

SMITH, J.

This case has been reserved upon a motion for a new trial, and the sole question upon which the reservation was made was as to the admissibility of certain testimony, which will be hereafter more fully and more specifically referred to.

The action was upon a promissory note for $2,600.00, purporting to have been made and signed by Fred. Steinkamp, the defendant, and was in favor of Ben Wrede, the plaintiff.

The defense was that the note was a forgery, and that Steinkamp was not indebted to Wrede in any sum whatever.

To maintain the issue upon his part, the plaintiff introduced a witness named Charles Tiemeyer, who testified in his direct examination that he was present one evening, in a saloon, when Wrede, Steinkamp and a number of others were present, sitting around a table drinking beer; that, after they had been at the table about half an hour, Steinkamp arose and left the room, crossing a small room adjoining the saloon and entering another room, where a building association was holding its regular meeting, of which association both Tiemeyer and Steinkamp were directors.

Shortly after Steinkamp had left, Wrede requested Tiemeyer to go into the building association room where Steinkamp was and bring him back. Tiemeyer did as requested, and, upon Steinkamp entering the saloon, Wrede invited Steinkamp, Tiemeyer and the others in the saloon to take a drink with him. They accepted the invitation, and, while standing in front of the bar a conversation took place between Wrede and Steinkamp, which is described by Tiemeyer as follows:

"*Q.* State what conversation took place between Wrede and Steinkamp there at the counter? *A.* Well, Mr. Wrede asked Steinkamp if he could not give him some money—he needed some money. He said he owed the men bills, and he needed some money; and Steinkamp says: Well, I will be down this week and I will pay you.

"*Q.* Then what did Wrede say? *A.* I don't know exactly. He said something like: What do you mean by this week? Or something like that.

"*Q.* What do you mean by this week? *A.* Yes, sir.

"*Q.* And what did Steinkamp say? *A.* He made a remark, ' the latter part of this week or the first of next week;' something like that.

"*Q.* Was anything else said about Wrede giving him time in which to pay it? *A.* I don't remember whether he gave him time or not.

"*Q.* Did he say if he could not pay at once? *A.* Yes; he said if you can't pay me at once, pay me in two or three different times; that is the answer Wrede gave him.

"*Q.* What did Steinkamp say? *A.* He says ' all right', and went back into the room.

Upon cross examination, Tiemeyer was allowed to testify, over the objection of the plaintiff, that immediately after this conversation, he (Tiemeyer) walked back with Steinkamp through the small adjoining room, and then into the building association room, where they sat down, when Steinkamp, resuming the topic previously discussed in the saloon, said that if Wrede had no more money than he owed him he ought not to commence to build, and that all he owed him was about $25 or $30 for a bar bill. To this Tiemeyer answered that the amount Wrede claimed he owed him was about $2,600.00, and that Steinkamp replied to this that "it was not so, and left."

Steinkamp was also allowed, over the objection of plaintiff, to testify to the same conversation between Tiemeyer and himself in the building association room.

The plaintiff contends that the admission of this testimony at the instance of the defendant was error, as the declarations testified to were self-serving declarations, and, therefore, not admissible in support of his own case.

On the other hand, the defendant earnestly contends that the testimony was admissible upon two grounds : First, that the declarations were part of the *res gestæ*. Second, that even if not part of the *res gestæ*, they were admissible in contradiction of the testimony introduced by plaintiff tending to prove an admission of the debt by Steinkamp.

The question raised by the admissibility of this testimony has been argued before us with great elaboration by counsel, and the arguments have been both interesting and instructive. We are all of the opinion, however, that the testimony was inadmissible, and that the plaintiff is entitled to a new trial.

The main ground upon which the defendant rests the contention that the testimony is admissible, is that it is a part of *res gestæ*, and that the *res gesta* is the admission of Steinkamp made in the saloon. But no case has been cited to us where it is held that a statement or a declaration, although it may be an admission, is a *res gesta*, so that when once introduced, all qualifying statements or declarations contemporaneously made by the declarant are admissible. The law of *res gestæ*, on the contrary, always applies to a state of affairs where there is an *act*, and can not be predicated merely upon a *statement*.

It is true, however, that when one party introduces a conversation of another in order to have the benefit of an admission which such statement contains, the opposing party is entitled to have the entire conversation in so far as the same bears upon the admission, in order that the admission shall be taken with all the qualifications that have been attached to it in the same conversation. But the criterion by which the qualifying statements are admitted is always this: Are they parts of the same conversation? If they are, they are admissible ; if they are not, they are not admissible.

In the case at bar, we are quite clear that the conversation between Tiemeyer and Steinkamp in the building association room was not a part of the conversation between Wrede and Steinkamp in the saloon, although the same subject was under discussion, and although Tiemeyer was in the saloon when the conversation took place between Wrede and Steinkamp, and although the subsequent conversation followed almost immediately after the first one.

The conversation in the saloon was between Wrede and Steinkamp. To this conversation Tiemeyer was not a party. He was a by-stander. The conversation in the building association room was not with Wrede, and was therefore not the same conversation as that in the saloon, and the fact that it followed almost immediately afterwards does not change its character, or make it any the more admissible.

The only case cited by the defendant which, in our opinion, tends to sustain the admissibility of this testimony, is that of *Frank et al.* v. *The State*, 27 Alabama, 37. But it is to be said of that case that the parties who were present at the first conversation, were also present at the second conversation, and that the court held thst under the circumstances the two convertions were part of one and the same conversation. We think it doubtful whether, if the circumstances of that case were present before us, we would be willing to say that the two conversations were parts of one and the same conversation. But whether the law was properly applied in that case or not, the rule of law laid down is the one we have adopted in this case, viz: that the conversations must be part of the one conversation. In this case, for

the reasons stated, we think the conversations are independent of one another.

We do not think the second ground relied upon, viz: that admissions of the defendant having been admitted, counter declarations of the defendant are also admissible in his behalf, requires any very serious attention. We have carefully examined the authorities cited by the defendant, and with the exception of a class of cases where counter declarations are admitted when a question of intent is involved, all the cases proceed upon other and different grounds than are presented by the facts of this case.

The motion for a new trial will therefore be granted.

HUNT and MOORE, JJ., concur.

*Miller Outcalt* and *Tugman & Baker*, for plaintiff.

*John C. Healy* and *A. L. Herrlinger*, for defendant.